IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSIE WAYNE DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0175-WS-M |
| | ) |
| ROCHELLE HARVILLE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This § 1983 action filed by Jessie Wayne Dixon, an Alabama prisoner proceeding *pro se*, comes before the Court on plaintiff's filings styled "Motion for Transcript for appeals (objection) to recommendation" (doc. 53), "Motion to Proceed without Prepayment of Fee" (doc. 54), and "Motion for a Habeas Corpus Action" (doc. 55). Also before the Court is a Report and Recommendation (doc. 52) recommending that plaintiff's claims be dismissed in their entirety.

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **adopted** as the opinion of this Court. It is therefore **ordered** that plaintiff's Complaint be and is hereby **dismissed with prejudice**. A separate judgment will enter.

Plaintiff's additional motions may be dispatched quickly. His Motion for Transcript for Appeals (doc. 53) is **denied** for the simple reason that there were no hearings in this matter and therefore no transcripts are available. In his Motion for a Habeas Corpus Action, Dixon attempts to restyle his § 1983 complaint as a habeas corpus action brought under 28 U.S.C. § 2254. In doing so, he evidently recognizes that "§ 2254 is the exclusive remedy for claims where success for the plaintiffs would necessarily demonstrate the invalidity of a conviction or the shortening of a sentence imposed by a state court." *Gipson v. Jefferson County Sheriff's Office*, 613 F.3d 1054, 1055 (11th Cir. 2010); *see also Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state

prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("These avenues are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action."). If Dixon wants to challenge the fact and duration of his conviction and sentence, or to seek release from confinement, the claims are actionable only under § 2254. He cannot engraft § 2254 claims on his existing § 1983 complaint. To the extent that Dixon wishes to convert his existing § 1983 lawsuit into a § 2254 habeas action, the proper procedure is for him to file a § 2254 petition on this court's forms to initiate a new case. He has not done so. And his attempt to align his circumstances with those in *Gipson* by requesting a hearing is unavailing as well.[1] For these reasons, Dixon's Motion for a Habeas Corpus Action (doc. 55) is **denied**.

Finally, Dixon has filed a Motion to Proceed without Prepayment of Fees (doc. 54) on appeal. Notwithstanding a finding of economic eligibility, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous.[2] Dixon's contemplated appeal is frivolous for at least three reasons.

---

[1] In *Gipson*, the Eleventh Circuit found that the plaintiffs, who were convicted sex offenders being detained for failure to provide a residential address, were entitled to pursue their claims under § 1983 because their "core claim is that they are entitled to a proceeding [*i.e.*, a hearing] to address the Act and their indigency." 613 F.3d at 1056. As the Report and Recommendation correctly pointed out, Dixon's claims are distinguishable from *Gipson* because he never requested a hearing; rather, the gravamen of his claims was that he should be released from confinement, which constitutes a § 2254 cause of action under *Preiser*. This defect having been pointed out to him in the Report and Recommendation, Dixon cannot now recast his claims as being for a hearing a la *Gipson*. *See, e.g., Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding "that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

[2] *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (Continued)

First, to the extent that Dixon intended by his amorphous and ill-defined claims to challenge the constitutionality of Alabama's Community Notification Act, Ala. Code §§ 15-20-20 *et seq.*, he was required to identify the particular constitutional right or rights that he contends were violated.[3] The Report and Recommendation adopted by this Court properly recognized that dismissal of his § 1983 claims was warranted on that basis. Appeal from that determination would be meritless on its face. Second, even if Dixon had specified a manner in which he believes Alabama's Community Notification Act is unconstitutional, it bears noting that courts in this Circuit have rejected a variety of constitutional challenges to that statutory scheme. *See, e.g., Seals v. Alabama*, 2011 WL 2462583 (M.D. Ala. May 26, 2011) (explaining in detail why Alabama statute imposing restrictions on residency and employment of adult criminal sex offenders does not violate double jeopardy, is not an *ex post facto* law, and does not run afoul of procedural or substantive due process or equal protection guarantees of Constitution). Third, insofar as Dixon's complaint is that defendant Rochelle Harville enforced the Alabama statute against him in a racially discriminatory manner, any appeal of that issue would be baseless because he has offered no evidence other than his own bare, conclusory accusation that Harville

---

(W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

[3]  *See, e.g., Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807 (1994) (when pleading a § 1983 claim, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed"); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001) ("To state a claim under § 1983, a party must also prove a violation of a particular constitutional or federal statutory provision."); *Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir. 1990) ("we note that § 1983 provides a remedy for deprivations of *specific* constitutional rights, not generalized allegations of constitutional deprivations"); *Bell v. School Bd. of City of Norfolk*, 734 F.2d 155, 157 (4th Cir. 1984) ("A complaint alleging a § 1983 violation must state on its face a cognizable claim for relief based upon a specific and articulable constitutional right."); *Taylor v. Greene*, 2010 WL 5248502, *4 (S.D. Fla. Dec. 16, 2010) (explaining that plaintiff's failure "to identify a specific constitutional right that was allegedly violated" is a fatal deficiency to her claim because a plaintiff cannot thwart immunity defenses by invoking "the violation of abstract rights"); *Cobb v. Hawsey*, 2007 WL 2093474, *4 (S.D. Ala. July 20, 2007) ("Without some specificity as to what the alleged deprivation was and what constitutional or statutory rights were allegedly violated, defendants are effectively shooting in the dark at a target they cannot see.").

is a racist.  *See Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996) (to prevail on equal protection claim based on application of facially neutral statute, plaintiff must establish that he "was treated differently than similarly situated persons" and that "the defendant unequally applied the facially neutral statute for the purpose of discriminating against the plaintiff"); *see also GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367-68 (11th Cir. 1998) ("Bare allegations that 'other' applicants … were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these 'other' applicants were similarly situated to the plaintiff.").

For all of these reasons, the Court **certifies** that any appeal that Dixon may bring from the dismissal of his jumbled, unsupported and often incomprehensible claims under § 1983 would be plainly frivolous.  As such, the Motion to Proceed without Prepayment of Fees (doc. 54) is **denied**.

DONE and ORDERED this 12th day of August, 2011.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE